

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2007

# Morgan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5293

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Morgan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5293

———

SYDNEY MORGAN

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent.

———

On Petition for Review of a Final Order of the Board of Immigration Appeals
(BIA No. A37-771-200)
Immigration Judge: Honorable Walter A. Durling

———

Submitted Under Third Circuit LAR 34.1(a),
March 15, 2007

Before: FUENTES, GREENBERG and LOURIE,* Circuit Judges

(Filed:  April 13, 2007)

———

OPINION OF THE COURT

———

---

* Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

FUENTES, Circuit Judge.

Sydney Morgan petitions this Court for review of a final order of removal entered by the Board of Immigration Appeals ("BIA"). Morgan was ordered removed on grounds that his conviction for conspiracy to commit mail fraud and wire fraud constitutes an "aggravated felony" under the immigration laws. Because we agree that Morgan's conviction constitutes an aggravated felony, we will deny the petition.

Morgan is a native and citizen of Jamaica who entered the United States in 1983, and subsequently became a lawful permanent resident. In October of 2002, he pleaded guilty to one count of conspiracy to commit mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) in violation of 18 U.S.C. § 371, the general federal conspiracy statute. The statutory provisions to which Morgan pleaded guilty do not specify an amount of loss. Morgan stipulated in his plea agreement, however, that the actual and intended amount of loss was between $250,000 and $300,000. The District Court sentenced Morgan to twelve months and one day of imprisonment, three years of supervised release, and $325,000 in restitution.

Based on this conviction, the Department of Homeland Security ("DHS") served Morgan with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii)[1] as an alien convicted of an aggravated felony. The government's

---

[1] Section 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." Under 8 U.S.C. § 1229b(a), an alien who is convicted of an aggravated felony is also ineligible for discretionary relief from removal.

aggravated felony charge was based on 8 U.S.C. § 1101(a)(43)(M)(i), which defines as an "aggravated felony" any offense "that involves fraud and deceit in which the loss to the victim or victims exceeds $10,000." Morgan argued that his fraud conviction did not constitute an aggravated felony because the actual loss was less than $10,000. In an interlocutory ruling, an Immigration Judge ("IJ") rejected Morgan's argument, finding that Morgan's plea agreement established that the actual and intended loss to the victim was in excess of $10,000. Accordingly, the IJ ordered Morgan removed to Jamaica, and the BIA summarily affirmed.

On appeal, Morgan argues that the plea agreement does not establish by clear and convincing evidence that he committed an aggravated felony. As stated in his brief on appeal: "Mr. Morgan never admitted that his conviction involved more than $10,000 of loss. He only admitted that the Sentencing Guidelines would hold him accountable for such a loss." This argument is unpersuasive.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252(a). See Bobb v. Attorney General, 458 F.3d 213, 217 (3d Cir. 2006). We exercise de novo review over the BIA's determination as to whether a criminal conviction constitutes an aggravated felony. Id. Where, as here, the BIA adopts the opinion of the IJ, we review the IJ's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).

In determining whether an offense is an aggravated felony, "we presumptively apply the categorical approach." Alaka v. Attorney General, 456 F.3d 88, 105 (3d Cir. 2006). "This approach prohibits consideration of evidence other than the statutory

3

definition of the offense, thus not taking into account the particular facts underlying a conviction." Id. at 105-06. A court may abandon the formal categorical approach, however, when the terms of the statute on which removal is based requires an inquiry into the facts of the underlying conviction." Id. at 106.

We have previously determined that 8 U.S.C. § 1101(a)(43)(M)(i)—the provision at issue here—requires further inquiry because it categorizes only certain fraud offenses as aggravated felonies based on the amount of loss involved. Id. In making this determination, we held that it is appropriate to look to the underlying plea agreement in order to determine the amount of loss. Id. at 107 ("[B]ecause it is the plea agreement that establishes the offense for which defendant will be convicted, it is to that agreement . . . that we look in determining the intended loss."). Therefore, we agree with the IJ that Morgan's plea agreement, in which he stipulated to an amount of loss between $250,000 and $300,000, establishes that he was convicted of an aggravated felony.

Accordingly, we will deny the petition for review.

———